**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FLOYD B. MAIBIE,<br>           Appellant,<br><br>       v.<br><br>UNITED STATES POSTAL SERVICE,<br>           Agency. | DOCKET NUMBERS<br>DE-0752-17-0030-I-1<br>DE-0752-17-0030-C-1<br><br><br><br>DATE: December 21, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

J.R. Pritchett, McCammon, Idaho, for the appellant.

Michael R. Tita, Esquire, Sandy, Utah, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed separate petitions for review of the initial decision, which reversed his suspension on due process grounds, and the compliance initial decision, which denied his subsequent petition for enforcement for failure to state a claim. The agency has filed a cross petition for review of the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

which reversed the appellant's suspension. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN them because doing so will expedite processing without adversely affecting the interests of the parties. 5 C.F.R. § 1201.36(a)(2), (b). We conclude that neither party has established any basis under section 1201.115 for granting the petitions or cross petition for review. Therefore, we DENY the petitions for review and the cross petition for review. Except as expressly MODIFIED to clarify the analysis of the appellant's age and disability discrimination claims, we AFFIRM the initial decision. We VACATE the compliance initial decision and DISMISS the appellant's petition for enforcement as premature.

## BACKGROUND

¶2 The appellant is a preference-eligible Postal Service employee. *Maibie v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0030-I-1, Initial Appeal File (IAF), Tab 5 at 31, Tab 13 at 11, Tab 15 at 1. As of November 2015, he was employed as an Electronics Technician (ET) in Kalispell, Montana. IAF, Tab 13 at 11. In November 2015, the agency notified him that his position was being abolished. IAF, Tab 5 at 12, Tab 13 at 11. The agency offered him several placement options: (1) a carrier position in the Kalispell Post Office; (2) a laborer custodian position in his current installation assignment; or (3) an ET

position in Aurora, Colorado.[2]  *Id.* at 11, 13.  The appellant chose the laborer custodian position, but subsequently withdrew his bid for the custodial position because, according to the appellant, he found that the duties were "too physical for him to perform."  IAF, Tab 5 at 17, Tab 13 at 13, Tab 15 at 1.  On February 23, 2016, the agency notified the appellant of his reassignment to a city carrier position, consistent with his second choice of assignment.  IAF, Tab 5 at 27, Tab 13 at 11, Tab 15 at 27.  In association with that reassignment, the appellant filled out a Postal Service (PS) Form 2485-C, Medical Assessment Questionnaire, on which the agency identified the functional requirements of the city carrier position, e.g., heavy lifting (up to 70 pounds), and heavy carrying (up to 45 pounds).  IAF, Tab 5 at 28-29.  The appellant indicated on that form that he had no medical limitations that could interfere with his ability to perform those duties.  *Id.*  On the basis of the appellant's PS Form 2485-C, an agency Occupational Health Nurse Administrator (OHNA) determined that the appellant was suitable for reassignment with no identified physical restrictions or limitations.  IAF, Tab 13 at 14.  At the time of his reassignment, the appellant was 73 years old.  IAF, Tab 5 at 27.

¶3    The appellant attempted to perform the carrier position, but he soon discovered that he was physically unable to do so.  *Id.* at 12, 17.  The agency subsequently allowed him to temporarily perform various duties within his capabilities on an unofficial basis.  *Id.* at 13.  The agency also referred him to the District Reasonable Accommodation Committee (DRAC), which asked him to provide information from his physician.  *Id.* at 14-15, 26.  After receiving that information, the DRAC determined that, due to medical restrictions limiting his lifting to 15 pounds and his standing to 15 minutes, the appellant could not perform the essential functions of his city carrier position with or without accommodation.  *Id.* at 14-15.  The appellant made a request for reconsideration

---

[2] The options were made available pursuant to a settlement between the agency and the American Postal Workers Union.  IAF, Tab 13 at 11.

to an agency Human Resources Manager, asking that he be returned to the temporary duties he was performing during the DRAC process. *Id.* at 12-13. The Human Resources Manager denied his request because no reasonable accommodation had been identified that would allow him to perform the essential functions of his position. *Id.* at 11. As the administrative judge found in his initial decision, hearing testimony indicated that the agency orally notified the appellant in September 2016 that it could not accommodate his disability and that he should therefore no longer report for work. IAF, Tab 41, Initial Decision (ID) at 4; IAF, Tab 34, Hearing Recording, Day 1 (testimony of the Officer in Charge (OIC) of Kalispell Post Office); Tab 37, Hearing Recording, Day 2 (testimony of the Human Resources Manager). Nevertheless, the agency failed to issue a formal notice of the appellant's placement on enforced leave until March 7, 2017, after he filed this appeal. IAF, Tab 26 at 4-5. The agency subsequently issued a decision letter placing the appellant on enforced leave effective April 8, 2017. *Maibie v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0030-C-1, Compliance File (CF), Tab 3 at 14.

¶4      The administrative judge found that the appellant established that the Board has chapter 75 jurisdiction over his suspension of longer than 14 days. ID at 4-6. Although he initially analyzed the appeal as a constructive suspension, concluding under that rubric that the appellant made nonfrivolous allegations sufficient to entitle him to a hearing, the administrative judge also gave the appellant notice of the elements and burdens of establishing adverse action jurisdiction based on an actual suspension exceeding 14 days. ID at 4-5; IAF, Tab 22. Because the record showed that the agency directed the appellant not to report for work, and that directive remained in effect for more than 14 days, the administrative judge found that the appellant established by preponderant evidence that the agency subjected him to an actual suspension of more than 14 days. ID at 5-6. Because the agency did so without providing written notice

and an opportunity to be heard, the administrative judge issued an initial decision reversing the agency's action on due process grounds. ID at 6-7, 17.

¶5 Concerning the appellant's affirmative defenses, the administrative judge determined that the appellant failed to establish his age discrimination claim, finding no direct or circumstantial evidence showing a discriminatory motive for his placement on enforced leave. ID at 10-12. The administrative judge similarly found that the appellant failed to establish his claim of disability discrimination. ID at 12-15. He determined that the appellant was disabled because he had a medical condition that substantially limited his major life activities of lifting and walking. ID at 12-13. However, the administrative judge concluded that the record did not show that the agency failed to provide the appellant with a reasonable accommodation that would have allowed him to perform the essential functions of the carrier position or a vacant, funded position. ID at 13-15. The administrative judge also found that the appellant failed to identify any evidence, either direct or circumstantial, demonstrating that disability discrimination was a motivating factor in the agency's decision to place him on enforced leave. ID at 15-17.

¶6 The appellant also alleged that his placement in the carrier craft was inconsistent with his rights under the Rehabilitation Act and a grievance arbitration decision. He asserted that both the Act and the arbitration decision required the agency to conduct a more thorough assessment of his ability to perform the physical requirements of the carrier position prior to placement. IAF, Tab 15 at 2. The administrative judge found it unnecessary to reach the appellant's claim arising from the arbitration decision. ID at 2 n.4. He did not address the appellant's claim that under the Rehabilitation Act the agency was required to conduct an individualized assessment of whether the appellant was able to perform in the carrier position.

¶7 In his petition for review, the appellant contests the administrative judge's findings regarding his affirmative defenses. *Maibie v. U.S. Postal Service*, MSPB

Docket No. DE-0752-17-0030-I-1, Petition for Review (PFR) File, Tab 1 at 4-8. The agency has responded to the appellant's petition for review and filed a cross petition for review urging the Board to issue a precedential decision clarifying the distinction between enforced leave and a constructive suspension. PFR File, Tabs 2-3. The appellant has filed a reply to the agency's response and also responded to the agency's cross petition for review. PFR File, Tabs 5, 7. He moves to dismiss the cross petition because the agency has allegedly failed to provide interim relief. PFR File, Tab 7. The agency opposes the appellant's motion to dismiss. PFR File, Tabs 8-9.

¶8        After filing the petition for review in his suspension appeal, the appellant filed a petition for enforcement contending that the agency failed to restore him to duty and provide back pay. CF, Tab 1. The agency responded in opposition to the appellant's petition for enforcement. CF, Tab 3. The administrative judge dismissed the appellant's petition for enforcement for failure to state a claim. CF, Tab 9, Compliance Initial Decision (CID) at 1, 4. He reasoned that, in light of the petition and cross petition for review in the suspension appeal, that initial decision was not yet final and, under 5 U.S.C. § 7701(b)(2)(C), no back pay may be required before a decision becomes final. CID at 2-5.

¶9        In his petition for review of the compliance initial decision, the appellant challenges the administrative judge's observation that the agency argues he may not have been ready, willing, and able to work during the period he claims he is entitled to back pay. *Maibie v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0030-C-1, Compliance Petition for Review (CPFR) File, Tab 1 at 2. He also reiterates some of his arguments regarding the underlying initial decision. *Id.* The agency has responded in opposition to the compliance petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We deny the agency's cross petition for review because the appellant established Board jurisdiction over his suspension and the record reflects that the agency denied him due process.

¶10    "The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation." *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991). These appealable actions include suspensions for more than 14 days. 5 U.S.C. §§ 7512(2), 7513(d). A "suspension" is the temporary placement of an employee in a nonpay, nonduty status. 5 U.S.C. § 7501(2). This definition covers not just unpaid absences but also an agency's placement of an employee on sick or annual leave against his will. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014). For jurisdictional purposes, whether the employee was able to perform his regular duties is immaterial. *Id.* Rather, the only question is whether the employee's placement in a leave status was voluntary or involuntary; only the latter is appealable. *Id.*

¶11    The record reflects that the appellant's placement on leave was involuntary and we agree with the administrative judge that the appellant established jurisdiction over an actual suspension of longer than 14 days. *Id.*, ¶ 9; ID at 4-6. The agency took affirmative steps to instruct the appellant not to report to work. A constructive suspension, by contrast, arises when an absence that appears voluntary actually is not. *Abbott*, 121 M.S.P.R. 294, ¶ 7. Citing precedential and nonprecedential decisions of the Board and the U.S. Court of Appeals for the Federal Circuit, the agency argues that the Board should clarify its case law to find that an employee's absence for medical reasons always should be reviewed as a potential constructive suspension. We are not persuaded. To the extent that the agency cites nonprecedential decisions, such decisions have no precedential value. 5 C.F.R. § 1201.117(c)(2); *see also Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016) (explaining that the Board may follow a

nonprecedential decision of the Federal Circuit when it finds its reasoning persuasive).

¶12    The only precedential decision cited by the agency is *Thomas v. Department of the Navy*, 123 M.S.P.R. 628 (2016), which the agency argues is inconsistent with prior case law suggesting that the constructive suspension and actual suspension claims are mutually exclusive.  PFR File, Tab 7 at 16-19.  In *Thomas*, the Board analyzed the appellant's absence as an alleged constructive suspension, and remanded the appeal for a jurisdictional hearing on that claim.  123 M.S.P.R. 628, ¶¶ 9, 14-16.  The Board instructed that on remand, if the appellant did not establish her constructive suspension claim, the administrative judge should consider her claim that her absence was an actual suspension.  *Id.*, ¶ 17.  We do not agree with the agency's characterization of the Board's decision as suggesting that an employee's absence can be both an actual and a constructive suspension.  PFR File, Tab 3 at 19.   Rather, the Board was fulfilling its obligation to determine whether it has jurisdiction over a particular appeal by considering jurisdiction under either theory.  *See Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1363-64 (Fed. Cir. 2007) (discussing the Board's obligation to determine its jurisdiction over an agency action) (citation omitted).  Thus, we deny the agency's cross petition for review.

¶13    The parties do not dispute the administrative judge's finding that the agency did not provide the appellant with notice and an opportunity to respond prior to suspending him.  ID at 6-7.  Thus, we discern no basis to disturb the administrative judge's decision that the agency violated the appellant's right to due process, requiring reversal of the suspension.  ID at 6-7; *see Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 11 (2016) (observing that an agency action

suspending an employee must be reversed if the agency implemented the suspension without providing the appellant with a hearing of any kind).[3]

The appellant failed to establish his affirmative defenses.

¶14 Concerning the appellant's affirmative defenses, we also agree with the administrative judge that the appellant failed to establish his claim of age discrimination. ID at 7-12. The administrative judge found that the record lacked any direct or circumstantial evidence of age discrimination. ID at 10. On the basis of testimony that he found was unequivocal, specific, detailed, and internally consistent, the administrative judge found that the OHNA, who was also the chairman of the DRAC, and the OIC, who instructed the appellant not to return to work, were both unaware of the appellant's age. ID at 10-11. He found nothing in their testimony to suggest that they were motivated by discriminatory animus or that the decision to place the appellant on enforced leave was pretext for age discrimination. *Id.* The administrative judge determined that, despite the fact that the Human Resources Director knew the appellant's age, his decision to uphold the DRAC finding was not based on age, but instead on the conclusion that the agency could not reasonably accommodate the appellant. ID at 11-12.

¶15 As the administrative judge observed, an appellant alleging age discrimination must prove that such discrimination was a motivating factor in the agency's employment decision. ID at 7-8; *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 21 (citing *Babb v. Wilkie*, 140 S. Ct. 1168, 1173-74 (2020)). In proving his claim, an appellant may rely on direct or circumstantial evidence, or some combination of the two. *Pridgen*, 2022 MSPB 31, ¶¶ 23-24

---

[3] To the extent that the appellant continues to argue that the agency violated an arbitration decision in connection with his placement in a carrier position, we decline to reach that issue. PFR File, Tab 1 at 7; IAF, Tab 15 at 87-100, Tab 22 at 4; ID at 2 n.1. Because the administrative judge properly reversed the appellant's suspension on due process grounds, it is unnecessary for us to determine whether the agency committed harmful error. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 22 n.5 (2015) (declining to reach a harmful error question in light of a finding that an agency violated an appellant's due process rights).

(citations omitted). Here, the administrative judge properly considered all of the relevant evidence. ID at 8-12. The appellant disputes the administrative judge's credibility-based finding that the OHNA was unaware of the appellant's age, describing it as "difficult to believe." PFR File, Tab 1 at 5. Nevertheless, the appellant identifies nothing to discredit the testimony. *Id.*; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board generally must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing). He further argues that because the Postmaster and an agency staffing specialist were aware of the appellant's age, they had a responsibility to report to others, including the OHNA, "that the appellant's age could adversely affect his ability to perform" the duties of the carrier position. PFR File, Tab 1 at 5. We disagree with the appellant's assertion that the agency should have considered his age as suggesting that he lacked the physical ability to perform the duties of the carrier position. Because the administrative judge properly considered the documentary and testimonial evidence, *see Pridgen*, 2022 MSPB 31, ¶ 24, and the appellant has identified no reason on review to upset his conclusions, we affirm the conclusion that the appellant did not prove his age discrimination claim.

¶16      Concerning the appellant's disability discrimination claim, neither party disputes the administrative judge's finding that the appellant was an individual with a disability.[4] ID at 12-13. We see no basis to disturb this finding. IAF, Tab 5 at 15, 24, 26. The administrative judge also found that the appellant failed

---

[4] The administrative judge properly adjudicated the appellant's disability discrimination claim under the regulatory standards for the Americans with Disabilities Amendments Act, which has been incorporated by reference into the Rehabilitation Act. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶¶ 16-19 (2010).

to establish his claim of status-based disability discrimination. ID at 15-17. The appellant does not challenge this finding on review, and we decline to disturb it.[5]

¶17     In regards to the appellant's failure to accommodate claim, he argues that the agency conducted a "faux" interactive process in determining that it could not reasonably accommodate him in the carrier position. PFR File, Tab 1 at 6. The administrative judge discussed the agency's DRAC process and he agreed with the agency's determination that there was no reasonable accommodation that would have allowed the appellant to perform the essential duties of the carrier position, or any other vacant, funded position.[6] ID at 3, 14-15. The appellant identifies nothing in his petition for review that would indicate that the agency participated in the interactive process in bad faith. *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶¶ 10-11 (2005) (finding that both parties should engage in an interactive process in good faith to determine what actions might constitute a reasonable accommodation of an employee's disability).

---

[5] Since the initial decision was issued in this matter, we issued our decision in *Pridgen*, 2022 MSPB 31. In *Pridgen*, we clarified the burdens of proof regarding disparate treatment, age, Title VII, and disability discrimination claims. 2022 MSPB 31, ¶¶ 20-22, 42. In particular, we explained that an appellant may obtain "forward-looking relief" in connection with such claims if he proves discrimination was a motivating factor in the agency's decision; however to obtain status quo ante relief, he "must show that . . . discrimination was a but-for cause of the employment outcome." *Id.* (quoting *Babb*, 140 S. Ct. at 1177-78). We have considered whether our holdings in *Pridgen* impact the administrative judge's findings here, and conclude that they do not. In particular, although the administrative judge incorrectly stated that the agency had the burden of proving that it would have taken the same action absent a discriminatory motive, i.e., that the agency had the burden of disproving but-for causation, he properly found that the appellant failed to prove discrimination was a motivating factor in his suspension. ID at 7-12, 15-17. Thus, the administrative judge never reached the issue of whether discrimination was a "but-for" cause of the suspension, and we see no reason to do so here. *See Pridgen*, 2022 MSPB 31, ¶ 48 (recognizing that a motivating factor standard is a lower burden of proving causation than a "but-for" standard).

[6] The appellant does not challenge the administrative judge's finding that the agency searched for, but was unable to locate a vacant, funded position that the appellant could perform within his medical restrictions, even with a reasonable accommodation. ID at 15.

¶18        Pursuant to the terms of a grievance settlement with the union, the agency offered the appellant several placement options, and he selected a custodial position in his current installation.[7]   IAF, Tab 13 at 11.   The record does not reflect that the appellant notified the agency why he subsequently withdrew his bid for the custodial position, *id.* at 13, or that he previously had ever requested light duty due to any physical restrictions, and he asserts on review that he was able to manage his chronic back condition when performing ET duties, PFR File, Tab 1 at 6.   When the appellant withdrew his bid for the custodial position, the agency placed him in his second preferred option, a carrier position.   IAF, Tab 13 at 11.   The agency had the appellant execute a PS Form 2485-C, on which the agency apprised him of the physical requirements of the carrier position, and he certified to the agency that he had no physical condition or limitation that could interfere with his ability to perform those duties.   IAF, Tab 5 at 28-29.   Thus, the record does not show that the agency had any reason to believe that the appellant could not perform the duties of the carrier position before his reassignment.

¶19        The appellant argues that the agency violated the Rehabilitation Act by failing to determine whether he posed a "direct threat," i.e., a significant risk of substantial harm to himself or others, before placing him in the carrier position. PFR File, Tab 1 at 7; *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 14 (2015) (explaining that an agency may only inquire as to the severity of an employee's disability if it has a reasonable belief that the disability causes him to pose a direct threat), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).   Although the administrative judge did not address this claim below, we find any error harmless.   *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (explaining that an administrative judge's procedural error is of

---

[7] The appellant does not assert that the agency either failed to follow the dictates of the pertinent settlement or that the settlement, which does not appear to be part of the record, either provided or should have provided him with any employment options other than those that the agency offered him.   IAF, Tab 5 at 28-29.

no legal consequence unless it is shown to have adversely affected a party's substantive rights). While an agency only may conduct an examination if it believes an employee poses a direct threat, it is not required to do so. In fact, the direct threat is a narrow exception to the general prohibition on an employer requiring employees to undergo medical exams or respond to medical inquiries. 42 U.S.C. § 12112(d)(1)-(2); 29 C.F.R. §§ 1630.2(r), .13(b), .14(c). Thus, we find that the agency did not violation the Rehabilitation Act by failing to conduct a more exhaustive examination of the appellant's physical ability to perform in the carrier position.

<u>The administrative judge should have dismissed the appellant's petition for enforcement as premature.</u>

¶20 The appellant contended in his compliance petition for enforcement that the agency had failed to provide him with back pay. CF, Tab 1. The administrative judge dismissed the appellant's petition for enforcement for failure to state a claim because the initial decision was not final and, under those circumstances, 5 U.S.C. § 7701(b)(2)(C) prohibits an award of back pay. CID at 5-6. The appellant renews his argument in his compliance petition for review. CPFR File, Tab 1. He also moves to dismiss the agency's cross petition for review of the initial decision on the basis that the agency did not restore him to duty or pay him back pay. PFR File, Tab 7 at 4-7.

¶21 An agency is not required to pay an award of back pay before a decision is final. *Hall v. Department of the Interior*, 90 M.S.P.R. 32, ¶ 9 (2001) (citing 5 U.S.C. § 7701(b)(2)(C)); 5 C.F.R. § 1201.116(f). Therefore, we agree with the administrative judge that the appellant was not entitled to such pay. Because the appellant filed a petition for review of the initial decision in his suspension appeal, that decision was not a final order, and the administrative judge should have dismissed the petition for enforcement of that initial decision as premature. *See Walker v. Department of Health & Human Services*, 99 M.S.P.R. 367, ¶ 8 (2005) (finding that a petition for enforcement was premature because the initial

decision at issue had not yet become final); *Thomas v. U.S. Postal Service*, 65 M.S.P.R. 268, 271 n.* (1994) (finding that because the appellant had filed a petition for review of the initial decision at issue, the administrative judge should have dismissed the petition for enforcement of that initial decision as premature). In any event, we find that the administrative judge was correct to dismiss the petition for enforcement.

¶22    In his compliance petition for review, the appellant also challenges the administrative judge's observation that the agency opposes the appellant's back pay claim because he may not have been ready, willing, and able to work during the period of back pay. PFR File, Tab 1 at 2; CID at 3 n.2. However, the administrative judge made no finding as to the agency's argument, and therefore there is no finding to review. Both in his compliance petition for review and in his motion to dismiss the petition for review, the appellant argues that the agency has failed to restore him to duty, and failed to certify its compliance with the interim relief order. ID at 18; PFR File, Tab 7 at 4-6; CPFR File, Tab 1 at 1-2.

¶23    The agency placed the appellant on enforced leave, effective April 8, 2017, which was around 2 weeks after the first day of the hearing and approximately 1 month prior to the issuance of the initial decision reversing his suspension. IAF, Tab 26 at 4-5; CF, Tab 3 at 14-15; ID at 1. The appellant did not file an appeal from that action. We decline to find that the agency violated the order of interim relief by failing to return the appellant to duty under these circumstances. *See Rothwell v. U.S. Postal Service*, 68 M.S.P.R. 466, 468 (1995) (finding that an interim relief order does not insulate an appellant from a subsequent adverse action so long as that action is not inconsistent with the initial decision).

¶24    We also decline to dismiss the agency's cross petition for review based on its admitted failure to provide the required certification of compliance with interim relief. *See* 5 C.F.R. § 1201.116(a), (e) (permitting the Board to dismiss an agency's cross petition for review for failure to include a certification that it has complied with the interim relief order); PFR File, Tab 9. Given that we have

denied the agency's cross petition for review on the merits, as discussed above, we decline to exercise our discretionary authority to dismiss the cross petition for review. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 16 (2015) (explaining that the Board's authority to dismiss an agency's petition for review is discretionary).

¶25      If the agency fails to comply with the order below, the appellant may file a new petition for enforcement consistent with the instructions below.

¶26      Accordingly, we affirm as modified the initial decision reversing the agency's suspension of the appellant and we dismiss the appellant's compliance appeal as premature.

## ORDER

¶27      We ORDER the agency to cancel the suspension and retroactively restore the appellant effective September 15, 2016. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶28      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶29      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶30     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶31     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision in MSPB Docket No. DE-0752-17-0030-C-1.  5 U.S.C. § 7703(a)(1).  The initial decision in MSPB Docket No. DE-0752-17-0030-I-1, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision in MSPB Docket No. DE-0752-17-0030-I-1.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.